**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00045-PAB-STV

CHUKWUEMEKA A. EZEDINMA,

      Plaintiff,

v.

DOUGLAS COUNTY DISTRICT COURT – DIVISION 7,

      Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Scott T. Varholak

      This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's

Complaint (the "Motion"). [#19]  The Motion has been referred to this Court. [#20]  This

Court has carefully considered the Motion and related briefing, the entire case file and the

applicable case law, and has determined that oral argument would not materially assist

in the disposition of the Motion.  For the following reasons, the Court respectfully

**RECOMMENDS** that the Motion be **GRANTED**.

**I.      BACKGROUND[1]**

      This action arises out of Plaintiff's ongoing domestic relations case, Case No.

2011DR1564, pending in the Douglas County District Court ("DCDC") (the "State

---

[1] The facts are drawn from the allegations in Plaintiff's Complaint (the "Complaint") [#1], which the Court accepts as true at this early stage of the proceedings.  *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).  The facts are also drawn from the related state court proceedings, of which the Court takes judicial notice.  *Brickert v. Deutsche Bank Nat'l Tr. Co.*, 380 F. Supp. 3d 1127, 1133 n.1 (D. Colo. 2019) ("[A] court can take judicial notice of 'documents

Domestic Relations Proceeding").  [*See generally* ##1; 19-1]  Plaintiff generally alleges

that DCDC has treated Plaintiff unfairly because he is an African immigrant.  [#1 at ¶ 4]

Plaintiff has filed three motions that have been pending for over one year, that DCDC

judges refuse to act upon "because the lives of minor black children do[ ] not matter to

the [DCDC]."  [*Id.* at ¶¶ 1, 3]  Despite not hearing Plaintiff's motions, DCDC judges have

entertained motions filed by Plaintiff's adversaries.  [*Id.* at ¶ 9]  Plaintiff also takes issue

with certain rulings by DCDC judges and argues that these judges "entertain fabricated

hearsay testimonies attributed to minor children."  [*Id.* at ¶¶ 10-11]

According to Plaintiff, DCDC "continues to move . . . Plaintiff from Division to

Division and from magistrate to magistrate so that they can practice their discriminatory

acts on an African immigrant."  [*Id.* at ¶ 13]  DCDC judges have incarcerated Plaintiff on

three occasions for contempt of court and have issued a warrant of arrest and high cash

bond because Plaintiff missed an appearance in his divorce case.  [*Id.* at ¶¶ 5-7]  Plaintiff

claims that he still suffers nightmares because of this incarceration.  [*Id.* at ¶ 8]

On January 8, 2024, Plaintiff initiated this lawsuit. [#1]  Plaintiff seeks $300 million

in compensatory damages.  [*Id*. at 5]  On April 29, 2024, Defendant filed the instant Motion

seeking to dismiss Plaintiff's Complaint.  [#19]  Plaintiff has not responded and the

deadline for him to do so has passed.

---

and docket materials filed in other courts.'") (quoting *Stan Lee Media, Inc. v. Walt Disney
Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014)).  Moreover, the Complaint extensively
references the related state court proceedings.  [*See generally* #1]; *see also Tellabs, Inc.
v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding a court "must consider
the complaint in its entirety . . . [and] documents incorporated into the complaint by
reference").

## II.     STANDARD OF REVIEW

### A.     Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).  When reviewing a facial attack on subject matter jurisdiction, the Court "presume[s] all of the allegations contained in the amended complaint to be true."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

### B.     Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In deciding a motion under

Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Cassanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id*. (quoting *Twombly*, 550 U.S. at 556).  The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### C.     Pro Se Litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).  "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3.  The

Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## III.    ANALYSIS

Defendant makes several arguments in support of dismissal [#19], but because the Court agrees that the *Younger* abstention or *Rooker-Feldman* doctrines apply, the Court does not address Defendant's alternative arguments.

### A.    *Younger* Abstention

To the extent the State Domestic Relations Proceedings remain open and pending,[2] then the abstention doctrine from *Younger v. Harris*, 401 U.S. 37 (1971), applies. A court lacks jurisdiction under the *Younger* abstention doctrine when there is an ongoing state court proceeding, the state court provides an adequate forum for raising the federal claims, and the proceedings fall within one of the three "exceptional circumstances" identified in *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013); *see also Makeen v. Colorado*, No. 14-cv-3452-WJM-CBS, 2016 WL 8470186, at *4-5 (D. Colo. Sept. 16, 2016). "*Younger* abstention is jurisdictional" and thus must be addressed "at the outset." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004).

---

[2] "For purposes of [Younger], a state prosecution is considered to be pending if as of the filing of the federal complaint not all state appellate remedies have been exhausted." *Mounkes v. Conklin,* 922 F. Supp. 1501, 1511 (D. Kan. 1996).

All three *Younger* requirements are met here. First, Plaintiff is a party in a domestic

relations case in DCDC that, according to the Complaint, remains ongoing.  [#1 at ¶ 9;

*see also* #19-1] Thus, the first *Younger* requirement is met.[3]

Second, the state courts provide an adequate forum for raising Plaintiff's federal

claims.  "Unless state law clearly bars the interposition of the federal statutory and

constitutional claims, a plaintiff typically has an adequate opportunity to raise federal

claims in state court."  *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quotation

omitted).  "*Younger* requires only the availability of an *adequate* state-court forum, not a

favorable result in the state forum."  *Id.* (emphasis in original).  Plaintiff did not respond to

the Motion and there is no reason to believe these claims will not be given full and proper

consideration by the state courts.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir.

1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues

raised . . . may be resolved either by trial on the merits in the state court or by other

[available] state procedures.") (quotation omitted); *Ware v. Kunzweiler*, No. 22-CV-0076-

JFH-CDL, 2022 WL 1037484, at *2 (N.D. Okla. Apr. 6, 2022) ("Even if this Court accepts

as true Plaintiffs' allegation [of attorney and judicial bias], that fact does not demonstrate

that Plaintiffs are entirely  precluded from raising their constitutional claims, or their related

judicial-bias claims, in state court."); *Kidwell v. McCarthy*, No. 21-3002-SAC, 2021 WL

63283, at * 2 (D. Kan. Jan. 7, 2021) ("Plaintiff's claims of . . . judicial bias are insufficient

to trigger any of the *Younger* exceptions."); *see generally Robb v. Connolly*, 111 U.S. 624,

637 (1984) (state courts have an obligation "to guard, enforce, and protect every right

---

[3] As detailed below, to the extent the State Domestic Relations Proceeding is no longer
being litigated, Plaintiff's claims are still not justiciable in this Court.

granted or secured by the constitution of the United States").  Thus, the second *Younger* requirement is met.

As to the third *Younger* requirement, the Court finds that divorce and child welfare are family law matters that implicate important state court interests from which federal courts generally should abstain.  *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (applying *Younger* to ongoing state-court divorce and child-custody proceedings); *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (holding that the district court properly applied *Younger* abstention to dismiss claims arising from purportedly unconstitutional orders entered in an ongoing state-court divorce and child-custody proceeding because the subject of domestic relations between a parent and child "belongs to the laws of the States and not the laws of the United States"); *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (stating that the Tenth Circuit has "consistently applied *Younger* to child custody cases"); *Bryant v. Mclean*, No. 23-cv-00997-NYW-KAS, 2024 WL 809897, at *7-8 (D. Colo. Feb. 27, 2024) (applying *Younger* where Plaintiff alleged that judges, attorneys, and other participants in the child custody proceedings violated Plaintiff's constitutional rights), *report and recommendation adopted*, 2024 WL 1195326 (D. Colo. Mar. 20, 2024); *Everett v. Bollinger-Everett*, No. 1:22-cv-01133-CNS-SKC, 2023 WL 1805566, at *2 (D. Colo. Jan. 19, 2023) ("under the *Younger* abstention doctrine, the Court will not intervene in the state's on-going domestic relations proceedings"), *report and recommendation adopted*, 2023 WL 1801338 (D. Colo. Feb. 7, 2023); *Escalante v. Burmaster*, No. 23-3195-JWL, 2023 WL 5275117, at *3 (D. Kan. Aug. 16, 2023) (holding that *Younger* precluded the court from intervening in child custody proceedings, given that they are "an especially delicate subject of state policy" (quotation

7

omitted)). Thus, the third *Younger* requirement is met.  Accordingly, all three *Younger*

requirements have been satisfied.

The Court's conclusion is not changed by the fact that Plaintiff seeks monetary

damages.  "Although the original *Younger* holding was limited to the proposition that

injunctive relief was subject to abstention, the Tenth Circuit has expanded the doctrine to

include declaratory and monetary relief as well." *Flanders v. Snyder Bromley*, No. 09-cv-

01623-CMA-KMT, 2010 WL 2650028, at *4 (D. Colo. June 30, 2010).  Here, Plaintiff

seeks $300 million in damages. [#1 at 5] The Tenth Circuit has held that "the *Younger*

doctrine extends to federal claims for monetary relief when a judgment for the plaintiff

would have preclusive effects on a pending state-court proceeding."  *D.L.*, 392 F.3d at

1228. In particular, the principles behind *Younger* extend to the situation where "a plaintiff

who seeks only monetary damages could, once a money judgment is obtained, seek the

additional relief of an injunction and could argue in state court that the federal judgment

has preclusive effect." *Id.*  Such is precisely the case here.  A judgment in Plaintiff's favor

in this case would enable Plaintiff to argue before the DCDC that, for example, Defendant

engaged in unconstitutional conduct because this Court had already determined that

Plaintiff's constitutional rights were violated—indeed, for example, it would allow Plaintiff

to argue to the presiding judge in the State Domestic Relations Proceeding that certain

prior orders and rulings were void as violative of Plaintiff's constitutional rights.  *Younger*

counsels against just such a result.  Accordingly, to the extent the State Domestic

Relations Proceeding remains pending (as it appears from the Complaint to be), the Court

finds that *Younger* abstention applies to Plaintiff's claims against Defendant.  Thus, to the

extent the State Domestic Relations Proceeding remains pending, the Court respectfully

8

RECOMMENDS that the district court abstain from deciding Plaintiff's action and that the Complaint be DISMISSED WITHOUT PREJUDICE. *Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 639 (10th Cir. 2014) ("Under our precedent, *Younger*-abstention dismissals have been treated as roughly akin to jurisdictional dismissals and, accordingly, have been considered to be without prejudice." (emphasis omitted)).

**B.    *Rooker-Feldman***

To the extent the State Domestic Relations Proceeding is no longer ongoing, the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over Plaintiff's claims. "The *Rooker–Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision."[4]    *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004) (footnote omitted). "The *Rooker–Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller),* 666 F.3d 1255, 1261 (10th Cir. 2012). The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

---

[4] "The *Rooker–Feldman* doctrine is derived from 28 U.S.C. § 1257(a), [which] provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments," *Suasnavas v. Stover*, 196 F. App'x 647, 652 n.3 (10th Cir. 2006) (internal quotation omitted), and gets its name from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

review and rejection of those judgments.*"* *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

544 U.S. 280, 284 (2005).

The Tenth Circuit has "concluded that 'the type of judicial action barred by *Rooker–*

*Feldman* [ ] consists of a review of the proceedings already conducted by the "lower"

tribunal to determine whether it reached its result in accordance with law.'" *PJ ex rel.*

*Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quoting *Bolden v. City of*

*Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006) (alterations in *Jensen*)). "*Rooker– Feldman*

does not bar federal-court claims that would be identical even had there been no state-

court judgment; that is, claims that do not rest on any allegation concerning the state-

court proceedings or judgment." *Id.* (quoting *Bolden,* 441 F.3d at 1145). Courts have

applied the *Rooker–Feldman* doctrine where the relief sought required the federal court

to review and reject the state court judgment. *See id*. (*citing Mann v. Boatright*, 477 F.3d

1140, 1147 (10th Cir. 2007)). On the other hand, courts have refused to apply the doctrine

when the federal suit would not reverse or otherwise undo the state court judgment. *See*

*id.* (citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1238 (10th Cir. 2006)).

Applied here, the review and relief sought would require this Court to "review . . .

the proceedings already conducted by the [state] tribunal to determine whether it reached

its result in accordance with law." *Jensen*, 603 F.3d at 1193 (quotation omitted). Plaintiff

directly challenges various orders entered by the DCDC courts, alleging that these orders

were unconstitutionally entered. [#1 at ¶ 4 ("The Defendant continues to make up

unlawful laws in their courtroom so as to teach an African immigrant a racist 'lesson.'");

*id.* at ¶¶ 5-6 (challenging contempt orders and the bond set for such contempt hearings);

*id*. at ¶ 11 ("This Defendant [purportedly unlawfully] ruled that a twelve year old can give

10

legal consent.")]    To determine the merits of these claims, the Court would be required

to review the State Domestic Relations Proceeding to determine whether the state court's

procedure and ultimate adverse judgment towards Plaintiff was the result of

unconstitutional conduct or a proper interpretation of Colorado law and assessment of

Plaintiff's claims.  It is just this type of review that is prohibited by the *Rooker–Feldman*

doctrine.  *Jensen*, 603 F.3d at 1193; *see also Farris v. Burton*, 686 F. App'x 590, 592

(10th Cir. 2017) (applying *Rooker–Feldman* where the plaintiff's claims would require "a

federal court . . . to review the [ ] state court proceedings to determine if the decision . . .

was reached as a result of fraud or from a proper assessment of the claims").

As to the relief sought, Plaintiff seeks $300 million in damages.  [#1 at 5]  The

entirety of the Complaint demonstrates that these damages arose from the allegedly

improper judgments and/or orders issued in the State Domestic Relations Proceeding.

As a result, the claim for monetary damages is barred by *Rooker-Feldman*.  *Mann*, 477

F.3d at 1147 (finding the plaintiff's claims for monetary damages were also barred by

*Rooker-Feldman* because they would require the federal judge to reject the state court's

judgments and thus were "inextricably intertwined" with those judgments).  Accordingly,

to the extent the State Domestic Relations Proceeding has concluded, the Court

respectfully RECOMMENDS that the Motion be GRANTED and that the Complaint be

DISMISSED WITHOUT PREJUDICE.  *See Lambeth v. Miller*, 363 F. App'x 565, 566, 569

(10th Cir. 2010) (finding that dismissal for lack of subject matter jurisdiction on the basis

of the *Rooker–Feldman* doctrine must be "without prejudice"); *Brereton v. Bountiful City

Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit

holds that where the district court dismisses an action for lack of jurisdiction, as it did here,

the dismissal must be without prejudice.").

## IV.     CONCLUSION

For the foregoing reasons, regardless of whether the State Domestic Relations

Proceeding remains ongoing (which would implicate *Younger*) or has been completed

(which would implicate *Rooker-Feldman*), the Court respectfully RECOMMENDS that the

Motion to Dismiss [# 19] be GRANTED and that the Complaint be DISMISSED WITHOUT

PREJUDICE.  *Kelly v. First Jud. Dist. Ct.*, No. 1:23-cv-01068-DHU-LF, 2024 WL 218412,

at *1-3 (D.N.M. Jan. 19, 2024) (applying *Younger* to any claims that remained pending in

state court and *Rooker-Feldman* to the extent all state proceedings had concluded)

*Gardner v. Schumacher*, 547 F. Supp. 3d 995, 1038-46 (D.N.M. 2021) (same).[5]

---

[5] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

DATED:  August 20, 2024                    BY THE COURT:

<u>s/Scott T. Varholak</u>
United States Magistrate Judge